

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Van Slyke
County Attorney, Fort Bend County
Richmond, Texas

Dear Sir:
Opinion No. O-6138
Re: The time a suspect may
be held in jail without
bond who is charged with
a felony or a misdemeanor
offense.

Your letter of July 31, 1944, requesting the opinion
of this department on the question stated therein is, in part, as
follows:

"The question has arisen with us on several
occasions as to the length of time a suspect who
has been arrested upon the complaint of the Sheriff's
department, and charged with a felony or even a mis-
demeanor, can be held in jail pending investigation
without bond. It frequently happens that a man is
arrested and placed in jail charged with an offense,
and on the same day or the next, his attorney demands
that he be released on bond; now sometimes our sher-
iff's department would like to hold the suspect in
jail pending investigation of the offense and the de-
fendant's connection therewith. Therefore our ques-
tion is: how long may we hold a suspect in jail, with-
out bond, who is charged with a felony or a misdemeanor
in order that we may fully investigate the circumstances
of the offense, and the defendant's connection there-
with? * * *"

Section 11, Article 1 of the State Constitution, pro-
les:

"All prisoners shall be bailable by sufficient
sureties, unless for capital offenses, when the proof
is evident; but this provision shall not be so con-
strued as to prevent bail after indictment found upon

examination of the evidence, in such manner as may
be prescribed by law."

Article 5, Vernon's Annotated Code of Criminal Proced
ure, contains exactly the same provision as set forth in the for
going constitutional provision.

Referring to the foregoing provisions it is stated in
Texas Jurisprudence, Vol. 5, page 811:

"Under these provisions bail is a matter of
right to all persons accused of any crime, except
where there is proof evident of commission of a
capital offense which renders probable the inflic-
tion of the death penalty. The rule is that all
prisoners are bailable; the exception is where
proof is evident of the commission of a capital
crime.

"Although the term 'all persons' is used in
the constitution, it is evident that the provision
was meant, not to require all prisoners in all cir-
cumstances to be bailed, but to refer to a class
of prisoners, each and all of whom shall be bailed
except as provided in the constitution. But it has
been said that there are several considerations
leading pertinently to the conclusion that prisoners
before trial and conviction are those who were de-
signed to be secured this absolutely right to bail."
(See Ex Parte Ezell, 40 Tex. 451)

Chapter 1, Title 5, Vernon's Annotated Code of Crimin.
Procedure, pertains to arrest without warrant in the cases enume:
ated in this chapter. Article 217 of said Chapter, provides:

"In each case enumerated in this chapter, the
person making the arrest shall immediately take the
person arrested before the magistrate who may have
ordered the arrest, or before the nearest magistrate
where the arrest was made without an order."

Chapter 2 of said Title 5, Vernon's Annotated Code of
Criminal Procedure, pertains to arrests under warrant, and Arti-
cle 233 of said chapter, provides:

"The officer, or other person executing a
warrant of arrest, shall take the person whom he
is directed to arrest forthwith before the magis-
trate who issues the warrant, or before the magis-
trate named in the warrant."

Articles 234, 235, 236, 237 and 238, Vernon's Annotated
de of Criminal Procedure, read as follows:

"Article 234. One arrested in one county for
felony committed in another shall in all cases be
taken before some magistrate of the county where it
was alleged the offense was committed."

Article 235. "One arrested for a misdemeanor
shall be taken before a magistrate of the county
where the arrest takes place who shall take bail and
transmit immediately the bond so taken to the Court
having jurisdiction of the offense."

Article 236. "If the accused fails or refuses
to give bail, as provided in the preceding article,
he shall be committed to jail of the county where
he was arrested; and the magistrate committing him
shall forthwith notify the sheriff of the county in
which the offense is alleged to have been committed
of the arrest and commitment, which notice may be
given by telegraph, by mail or by other written
notice."

Article 237. "The sheriff receiving the notice
shall forthwith go or send for the prisoner and have
him brought before the proper court or magistrate."

Article 238. "If the proper officer of the county
where the offense is alleged to have been committed
does not demand the prisoner and take charge of him
within thirty days from the day he is committed, such
prisoner shall be discharged from custody."

Articles 450, 451, 453, 454, 455, 456, 457, 458 and 459,
rnon's Annotated Code of Criminal Procedure, provide:

Article 450. "In cases of arrest for felony in the county where the prosecution is pending, during a term of court, the officer making the arrest may take bail as provided in article 287."

Article 451. "In cases of arrest for felony less than capital, made during vacation, or made in another county than the one in which the prosecution is pending, the sheriff may take bail. In such cases, the amount of the bail shall be the same as is indorsed upon the capias; and, if no amount be indorsed upon the capias, the sheriff shall require a reasonable amount of bail."

Article 453. "A capias may be executed by any constable or other peace officer. In felony cases, the defendant must be delivered forthwith to the sheriff of the county where the arrest is made, together with the writ under which he was taken."

Article 454. "Any officer making an arrest under a capias in a misdemeanor may in term time or vacation take bail of the defendant."

Article 455. "Where an arrest is made under a capias in a capital case, the sheriff shall confine the defendant in jail, and the capias shall, for that purpose, be a sufficient commitment. This article is applicable when the arrest is made in the county where the prosecution is pending.

Article 456. "In each capital case where a defendant is arrested under a capias in a county other than that in which the case is pending, the sheriff who arrests, or to whom the defendant is delivered, shall convey him forthwith to the county from which the capias issued and deliver him to the sheriff of such county."

Article 457. "When an arrest has been made and a bail bond taken, such bond, together with the capias, shall be returned forthwith to the proper court."

Article 458. "If a defendant be placed in jail out of the county of the prosecution, on a felony, he shall be discharged from custody if not applied for and taken by the sheriff of the proper county before the end of sixty days from the day of his commitment. If the charge is a misdemeanor, he shall be discharged from custody if not applied for and taken by the sheriff of the proper county before the end of ten days from the day of his commitment."

Article 459. "The preceding article shall not apply if the defendant has been placed in jail out of the county for the want of a safe jail in the proper county."

Your attention is directed to Chapter 4, Title 5, Vernon's Annotated Code of Criminal Procedure, pertaining to bail and recognizance. We do not deem it necessary to quote the articles contained in this chapter.

In view of the foregoing statutory provisions, you are respectfully advised that the Sheriff's department has no authority to hold a person charged with a felony or a misdemeanor in jail for any length of time for the purpose of making an investigation or for other reasons whatsoever without giving the accused an opportunity to make bail as provided by the foregoing statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:lm

AUG 9, 1944

*E. P. Blackburn*

ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY [initials]
CHAIRMAN